# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASTE MANAGEMENT COMPLIANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STERICYCLE, INC., STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., AND DOES 1-20,<br><br>Defendants. | Case No. 17-cv-0967 DSM (NLS)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** |

Pending before the Court is Defendants Stericycle, Inc. and Stericycle Specialty Waste Solutions, Inc.'s Ex Parte Application for Extension of Time to Respond to the Complaint. Plaintiff Waste Management Compliance, Inc. filed an opposition to the Application. For the reasons explained below, the Court grants Defendants' requested relief.

## I.
## BACKGROUND

On May 10, 2017, Plaintiff filed a Complaint alleging the following eight causes of action: (1) false advertising under 15 U.S.C. § 1125(a), (2) false advertising

under Cal. Bus. & Prof. Code § 17200 et seq., (3) unfair competition under Cal. Bus. & Prof. Code § 17200 et seq., (4) trade libel, (5) intentional interference with contractual relations, (6) intentional interference with prospective economic advantage, (7) negligent interference with contractual relations, and (8) negligent interference with prospective economic advantage. On May 11, 2017, Plaintiff served Defendants with the Complaint and summons. (Declaration of Jennifer Barry ("Barry Decl.") ¶ 3.) Subsequently, Defendants retained counsel in the Southern District of California on May 23, 2017. (*Id*. ¶ 6.) Accordingly, counsel had nine days to respond to the Complaint. On May 24 and 25, 2017, Defendants' counsel reached out to Plaintiff's counsel, requesting counsel to stipulate to an extension of time to file their responsive pleading. (*Id*. ¶¶ 7–8, Ex. 1.) Plaintiff's counsel refused the request, prompting Defendants to file the present Application on May 26, 2017. (*Id*. ¶¶ 9–10, Ex. 1.) Plaintiff filed an Opposition on May 30, 2017.

## II.

## DISCUSSION

Under Federal Rule of Civil Procedure 6(b)(1), "the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." The decision to grant an extension lies within the district court's discretion. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896–97 (1990). "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahnachian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983). "The good cause standard primarily considers the party's diligence…. The focus of the inquiry is on the moving party's reasons for seeking modification; if that party was not diligent, the inquiry should end." *Stiller v. Costco Wholesale Corp*., No. 3:09-CV-2473-GPC-BGS, 2013 WL 5417178, at *3 (S.D. Cal., Sept. 26, 2013) (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir.

1992)).

Defendants have a principal place of business in Illinois. After being served, Defendants spent 12 days searching for counsel in the Southern District of California. Prior to the response deadline, Defendants' counsel requested Plaintiff's counsel to stipulate to an extension of time for Defendants to respond to the Complaint. When Plaintiff's counsel refused, Defendants promptly filed the present Application before expiration of the time to respond to the Complaint. Under Rule 6(b)(1)(A), good cause exists when a party shows, as here, they acted diligently and in good faith when seeking an extension of time to respond. Defendants point out they were retained nine days before their response was due and they needed additional time to analyze the Complaint, prepare a response, and meet and confer with counsel under the Court's chamber's rules. (*See* App at 2.)

Plaintiff contends that granting the Application will result in severe prejudice because "the nature of [its] suit requires immediate action due to [Defendants'] ongoing wrongful acts of disparaging [Plaintiff's] product[.]" (Opp'n to App. at 2.) Plaintiff, however, fails to present any evidence as to why an extension of time would cause it to suffer harm, let alone harm that cannot be addressed by money damages or injunctive relief in the ordinary course of litigation. Accordingly, Defendants' Application is granted, as Defendants have acted diligently and shown good cause.

## III.
## CONCLUSION

For the foregoing reasons, the *Ex Parte* Application for Extension of Time is granted. Defendants' deadline to respond to the Complaint is hereby extended to **June 27, 2017**.

**IT IS SO ORDERED.**

/ / /

/ / /

Dated: June 6, 2017

_____
Hon. Dana M. Sabraw
United States District Judge