# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASTE AND COMPLIANCE MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> STERICYCLE, INC., STERICYCLE SPECIALTY WASTE SOLUTIONS, INC., AND DOES 1-20, <br><br> Defendants. | Case No. 17-cv-0967 DSM (NLS) <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND (2) DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Pending before the Court are Defendants Stericycle, Inc. and Stericycle Specialty Waste Solutions, Inc.'s motion to dismiss and Plaintiff Waste and Compliance Management, Inc.'s motion for preliminary injunction. For the reasons set forth below, Defendants' motion is granted in part and denied in part, and Plaintiff's motion is denied.

/ / /

/ / /

/ / /

# I.

# BACKGROUND

Plaintiff is a California corporation that markets and sells a medical waste disposal product trademarked as Isolyser/SMS, which provides onsite sharps treatment and disposal. (FAC ¶¶ 10–11.) Isolyser/SMS is approved for use in many states, including California and Arizona. (*Id.* ¶ 16.) Defendants are Delaware corporations that collect and dispose of medical waste. (*Id*. ¶ 17.)

In January 2017, Ashley McBee, Defendants' sales representative, called the medical office of Dr. Brian Mitchell in Tucson, Arizona to promote Defendants' waste management services. (FAC ¶ 55; Declaration of Rhonda Mandes ("Mandes Decl.") ¶ 2.) Rhonda Mandes, a dental assistant in the office, answered the phone, and during the telephone conversation, Ms. McBee allegedly inquired as to what product the office used for medical waste disposal. (FAC ¶ 55; Mandes Decl. ¶ 4.) When Ms. Mandes informed Ms. McBee that the office used Isolyser/SMS, Plaintiff alleges Ms. McBee wrongfully stated that Isolyser/SMS was not compliant with the regulations in Arizona. (FAC ¶¶ 55, 63; Mandes Decl. ¶ 4.) Subsequently, in February 2017, Ms. McBee called Dr. Mitchell's office again to promote Defendants' product and informed Ms. Mandes that Isolyser/SMS was not compliant with the law. (FAC ¶¶ 18, 47; Mandes Decl. ¶ 5.) Thereafter, Ms. McBee e-mailed Dr. Mitchell's office, explaining its "current process" of waste disposal "is not compliant." (Mandes Decl. ¶¶ 6–7, Ex. 1.)[1]

As a result of the actions alleged above, Plaintiff filed suit against Defendants on May 10, 2017. Subsequently, on July 21, 2017, Plaintiff filed a First Amended

---

[1] In the motion for preliminary injunction, Plaintiff alleges there were several other incidents where Defendants allegedly made false statements regarding Isolyser/SMS. Plaintiff, however, concedes such incidents are outside the statute of limitations. The Court, therefore, declines to recite facts underlying those incidents as they are unnecessary in resolving the present motions.

Complaint ("FAC") alleging: (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a), (2) a violation of California's false advertising law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., (3) a violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §17200 et seq., (4) trade libel, (5) intentional interference with contractual relations, and (6) intentional interference with prospective economic advantage.

## II.
## DISCUSSION

### A.  Motion to Dismiss

Defendants move to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, a court need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Benson v. Ariz. St. Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### i.  False Advertising Under the Lanham Act

Defendants move to dismiss the false advertising claim, arguing the FAC fails

to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and to adequately plead injury it suffered as a result of the false statement. The Lanham Act "authorizes suit by 'any person who believes that he or she is likely to be damaged' by a defendant's false advertising." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014) (quoting 15 U.S.C. § 1125(a)(1)). To state a clam for false advertising under the Lanham Act, a plaintiff must plead the following elements:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citations omitted). False advertising claims are subject to heightened pleading standards under Rule 9(b).[2] *See Bobbleheads.com, LLC v. Wright Bros., Inc.*, No. 16-CV-2790 JLS (AGS), 2017 WL 1838932, at *3 (S.D. Cal. May 8, 2017); *Youngevity Int'l, Corp. v. Smith*, 224 F. Supp. 3d 1022, 1029 (S.D. Cal. 2016). To meet this

---

[2] Although the Ninth Circuit has yet to decide whether Rule 9(b) applies to false advertising claim under the Lanham Act, Plaintiff does not dispute its application. Because the Ninth Circuit has applied Rule 9(b) to other types of false advertising claims and district courts have found false advertising claim under the Lanham Act subject to Rule 9(b), the Court also finds that Rule 9(b) applies to the present claim. *See, e.g.*, *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–04 (9th Cir. 2003) (applying Rule 9(b) to claim for false advertising under Cal. Bus. & Prof. Code § 17500); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, 957 F.Supp.2d 1189, 1200 (S.D. Cal. 2013) ("District courts in the Ninth Circuit have held that the heightened pleading standard of Federal Rule of [Civil] Procedure 9(b) applies to false advertising claims").

standard a plaintiff must allege the "who, what, where, when, and how" of the misconduct and explain what is false or misleading about the statement made and why it is false. *Cafasso ex. rel. U.S. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Rule 9(b), however, "applies only to the specifics of the alleged misrepresentations; it does not, by contrast, apply to other aspects of Plaintiff's claims, such as reliance or damages." *Tidenberg v. Bidz.com, Inc.*, No. CV085553PSGFMOX, 2009 WL 605249, at *7 (C.D. Cal. Mar. 4, 2009) (citations omitted).

Defendants contend Plaintiff's allegations fail to satisfy Rule 9(b)'s heightened pleading standard.[3] In the FAC, Plaintiff alleges Defendants have repeatedly made false and misleading statements to Plaintiff's customers and potential customers regarding its product. Specifically, Plaintiff states Ms. McBee, made false and misleading statements both orally and in writing regarding Isolyser/SMS to Dr. Mitchell's medical office in January and February 2017. In January 2017, Plaintiff claims Ms. McBee telephoned Dr. Mitchell's office to promote Defendants' medical waste system, and during the conversation, she falsely advised Ms. Mandes that Isolyser/SMS was not compliant with Arizona's regulations. Plaintiff has alleged the circumstances surrounding the misrepresentations with particularity, and thus, the allegations are sufficient to

---

[3] Defendants raise the same argument in moving to dismiss the FAL and UCL claims. Plaintiff does not dispute that Rule 9(b) applies to its FAL and UCL claims. Indeed, while fraud is not an essential element of FAL or UCL, Plaintiff's claims under these statutes "fall under the heightened pleading requirements of Rule 9(b) because they are 'grounded in fraud.'" *See In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415 (9th Cir. 2016); *Vess*, 317 F.3d at 1102–05 (holding that the Rule 9(b) pleading standards apply to California CLRA, FAL, and UCL claims because, though fraud is not an essential element of those statutes, a plaintiff alleges a fraudulent course of conduct as the basis of those claims). For the reasons stated in this order, however, the Court denies Defendants' motion to dismiss the FAL and UCL claims on these grounds.

satisfy the Rule 9(b).

Next, Defendants argue Plaintiff has failed to sufficiently plead any actual injury. Contrary to Defendants' argument, Plaintiff has adequately alleged its commercial interests have been damaged by Defendants' conduct. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.") (citations and internal quotation marks omitted). Plaintiff has alleged the following: "DEFENDANTS' false and deceptive statements are likely to influence purchasing decisions of its customers and PLAINTIFF'S customers, as well as individual customers who purchase medical waste products," "DEFENDANTS' false and misleading promotion and solicitation statements injure PLAINTIFF by diverting sales from PLAINTIFF to DEFENDANTS[,]" and "DEFENDANTS have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to Plaintiff's business, reputation, and goodwill, for which there is no adequate remedy at law." (FAC ¶¶ 25, 27.) Because Plaintiff has sufficiently alleged it has suffered injury as a result of Defendants' alleged false statements, Defendants' motion to dismiss the false advertising claim is denied.

### ii. FAL and UCL

Defendants initially argue the FAL and UCL claims should be dismissed for lack of standing because Plaintiff has not alleged "lost money or property" required to show standing. In order to bring a claim under the FAL and UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (Cal. 2011). Here, Plaintiff has alleged an economic injury in the form of loss of business,

sales, income, customers, and goodwill. *See Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 948 (S.D. Cal. 2016) ("Courts have also found 'lost sales, revenue, market share, and asset value' sufficient to allege an economic injury.") (citations omitted); *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1174 (N.D. Cal. 2015) ("Plaintiff has alleged an economic injury in the form of lost customers and sales revenue. That is sufficient to satisfy standing under the UCL.") (citations omitted). These allegations are sufficient to allege an injury in fact to confer standing under the FAL and UCL. Therefore, Defendant's motion to dismiss the FAL and UCL claims on this basis is denied.[4]

Next, Defendants moves to dismiss the UCL claim, which alleges a violation of the "unfair" prong. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability." *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010) (quotation marks omitted). Defendants contend Plaintiff fails to explain how Defendants' alleged actions constitute an "antitrust injury" that would be actionable between "competitors." Plaintiff does not oppose.[5] Accordingly,

---

[4] Defendants also seek to dismiss Plaintiff's UCL claim for improperly requesting compensatory damages and attorneys' fees. Although remedies under the UCL are limited to restitution and injunctive relief, *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 452 (Cal. Ct. App. 2005), this is not an argument that should be decided on the present motion. Rather, Defendants should file a motion to strike Plaintiff's prayer for relief on its UCL claim. *See Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV1501791JVSDFMX, 2016 WL 9045621, at *7 (C.D. Cal. Jan. 28, 2016) (declining to address similar argument on a motion to dismiss); *Jung Jae Lee v. Fed. St. La LLC*, No. 2:14-CV-06264-CAS-SS, 2015 WL 179787, at *6 (C.D. Cal. Jan. 12, 2015) (addressing similar argument on a motion to strike).

[5] Although Plaintiff appears to rely solely on the "unfair" prong of the UCL in the FAC, Plaintiff contends in its opposition that it also invokes the unlawful and fraudulent prongs of the UCL. The Court notes, however, the FAC as currently pleaded is insufficient to state a claim under those prongs.

Defendant's motion to dismiss the UCL claim is granted with leave to amend. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) ("Rule 15(a) provides that '[t]he court should freely give leave [to amend] when justice so requires…. This policy is 'to be applied with extreme liberality.'" (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).

### iii. Trade Libel

Defendants argue the trial libel claim should be dismissed for failure to adequately plead special damages. Under California law, trade libel is "'an intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff….'" *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 290 (Cal. 2014) (quoting *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (Ct. App. 1964)). To state a claim for trade libel, a plaintiff must allege: "(1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages." *Aetna Cas. & Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988). The special damages element is subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(g). *See* Fed. R. Civ. P. 9(g) ("[i]f an item of special damage is claimed, it must be specifically stated."); *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 4500782, at *13 (S.D. Cal. Aug. 20, 2013).

Plaintiff alleges Defendants' false statements have deterred customers from purchasing Plaintiff's medical waste product and conducting business with Plaintiff. As a result, Plaintiff claims it has suffered "pecuniary loss in a sum in excess of $75,000.00, the specific amount of which will be proven at the time of trial or judgment." (FAC ¶ 51.) Plaintiff, however, does not identify the customers or transactions lost as a result of the disparaging statements. *See Zero Motorcycles, Inc. v. Pirelli Tyre S.p.A.*, 802 F. Supp. 2d 1078, 1090 (N.D. Cal. 2011) ("To properly allege damages [for trade libel], the pleader must specifically identify the customers

or transactions lost as a result of the disparagement; a general decline in business will not suffice."). Moreover, the alleged pecuniary loss of $75,000 is the same amount that Plaintiff alleges as damages in other claims. As such, it is difficult to determine what, if any, damage Plaintiff claims to have suffered solely as a result of disparaging statements. *See First Advantage Background Servs. Corp. v. Priv. Eyes, Inc.*, 569 F. Supp. 2d 929, 938 (N.D. Cal. 2008). Because Plaintiff has failed to adequately plead a claim for trade libel, Defendants' motion to dismiss this claim is granted with leave to amend.

### iv. Intentional Interference with Contractual Relations

Defendants move to dismiss the intentional interference with contractual relations claim, arguing Plaintiff has failed to allege sufficient facts underlying this claim. Under California law, the tort of intentional interference with contract requires a plaintiff to allege the following elements: "'(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" *CRST Van Expedited, Inc. v. Werner Enter., Inc.*, 479 F.3d 1099, 1105 (9th Cir. 2007) (quoting *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (Cal. 1998)). Here, Plaintiff's conclusory allegations are insufficient to state a claim for intentional interference with contractual relations as they merely recite the elements of this claim and are devoid of further factual development. For example, Plaintiff alleges "as a result of DEFENDANTS' said intentional conduct, an actual breach and/or disruption of PLAINTIFF'S contractual relations with Dr. Mitchell's did occur." (FAC ¶ 57.) Plaintiff, however, does not explain the facts underlying such breach or disruption. Such "threadbare" allegations that merely recite the elements of a cause of action cannot withstand a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949–50. Accordingly, Defendants' motion to dismiss this claim is granted with leave to amend.

### v. Intentional Interference with Prospective Economic Advantage

Defendants also move to dismiss the intentional interference with prospective economic advantage claim, arguing Plaintiff's allegations simply recite the elements of this claim without any actual facts to support such elements. To state a claim for tort of intentional interference with prospective economic advantage, a plaintiff must allege the following: "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (Cal. 2003)). Plaintiff simply recites the elements of the claim and has failed to allege sufficient facts underlying the claim. As indicated above, such conclusory allegations embody the type of formulaic recitation of a cause of action's elements that *Twombly* and *Iqbal* deem insufficient. Because the FAC fails to "contain sufficient allegations of underlying facts to give fair notice and to enable [Defendants] to defend [themselves] effectively[,]" Defendants' motion to dismiss this claim is granted with leave to amend. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Motion for Preliminary Injunction

Plaintiff seeks an order enjoining Defendants from "their pattern and practice of wrongfully disparaging [Plaintiff's] product." (Mem. of P. & A. in Supp. of Mot. at 12.) "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, "'serious questions going to the merits' and a balance of

hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011). A preliminary injunction "'should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995)). This "clear showing" requires plaintiffs to show more than a mere "possibility" of irreparable harm, but instead they must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22; *see Am. Trucking Ass'ns Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Whether to grant or to deny a motion for preliminary injunction is within the equitable discretion of the court. *Chalk v. U.S. Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988).

### i. Likelihood of Success on the Merits

As discussed above, two of Plaintiff's claims survive Defendants' motion to dismiss: (1) false advertising in violation of the Lanham Act and (2) a violation of the FAL. To prevail on a claim for false advertising under the Lanham Act, a plaintiff must prove, inter alia, "a false statement of fact by the defendant in a commercial advertisement about its own or another's product."[6] *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Similarly, false advertising under Cal. Bus. & Prof. Code § 17500 requires a plaintiff to prove defendants engaged in "false, unfair, misleading, or deceptive advertising" that had the tendency to deceive members of the public. *Day v. AT & T Corp.*, 63 Cal. App.

---

[6] Because the elements required to prevail on a claim for false advertising under the Lanham Act are explained above, the Court need not repeat them here.

4th 325, 331–32 (Cal. Ct. App. 1998). In the Ninth Circuit, a claim for false advertising under the FAL is "substantially congruent to claims made under the Lanham Act." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015) (quotation omitted).

Plaintiff contends it can establish the likelihood of success on each of the requisite elements to prove a claim for false advertising under the Lanham Act. Defendants respond Plaintiff cannot establish that Defendants made a false statement. The parties' moving papers and accompanying exhibits give rise to disputes of fact that preclude the Court from determining whether Plaintiff is likely to prevail on the merits of its claims. For example, the parties have submitted conflicting evidence as to whether Ms. McBee expressly informed Ms. Mandes that Isolyser/SMS is not compliant with the regulations in Arizona. "In deciding a motion for preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir.1986) (internal citations omitted). Accordingly, the Court declines to resolve these factual disputes on such a limited record, and finds Plaintiff has not demonstrated a likelihood of success on the merits on the false advertising claim under the Lanham Act and likewise the FAL claim.

### ii. Irreparable Harm

Plaintiff argues it "has and will suffer irreparable harm to its reputation and goodwill" due to Defendants' false representations. (Mem. of P. & A. in Supp. of Mot. at 17.) "Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001)). But "[s]peculative injury cannot be the basis for a finding of irreparable harm." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007). In support of its

argument, Plaintiff offers declarations of Janet Short, Plaintiff's former in-house counsel, and James D. Panigall, Plaintiff's Chief Operating Officer, who both declared that "PLAINTIFF has been injured as a result of the DEFENDANTS' false statement, either by direct diversion of sales from PLAINTIFF to DEFENDANTS and/or by a lessening of the goodwill associated with PLAINTIFF'S product." (Declaration of Janet Short ¶ 11; Declaration of James D. Panigall ¶ 17.) These declarations alone, however, are insufficient to support a finding that Plaintiff will suffer irreparable harm in the absence of a preliminary injunction. *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, No. C 12-3856 PJH, 2014 WL 4312021, at *10 (N.D. Cal. Aug. 28, 2014) ("In order to establish harm to its reputation or its goodwill, [Plaintiff] must do more than simply submit a declaration insisting that its reputation and goodwill have been harmed."). Without further evidence in support of its allegations of loss of reputation and goodwill, Plaintiff has failed to demonstrate that it will suffer irreparable harm without a preliminary injunction. Because the record fails to support findings of likelihood of success on the merits and likely irreparable harm, the Court need not address the balance of equities and public interest factors. Accordingly, Plaintiff's motion for preliminary injunction is denied.

### III.
### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part, and Plaintiff's motion for preliminary injunction is denied. Plaintiff is granted leave to file a Second Amended Complaint ("SAC") that cures the pleading deficiencies identified in this Order. The SAC shall be filed on or before November 1, 2017. Plaintiff is cautioned that the SAC may not add any other new causes of action or parties not addressed by the Court in this order.

**IT IS SO ORDERED.**

///

Dated: October 2, 2017

_____
Hon. Dana M. Sabraw
United States District Judge